Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| CARLOS M. CASTELLÓN NIGAGLIONI<br><br>Recurrido<br><br>v.<br><br>CONSEJO TITULARES, JUNTA DE DIRECTORES DEL CONDOMINIO VILLA CAPARRA<br><br>Peticionarios | KLCE202400021 | *CERTIORARI*<br>Procedente del Tribunal de Primera Instancia, Sala de Guaynabo<br><br>Civil Núm.: BYL1402023-06894 (101)<br><br>Sobre: Ley 140 |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera.

Álvarez Esnard, jueza ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 11 de enero de 2024.

Comparece ante nos el Consejo de Titulares del Condominio Villa Caparra Plaza y su Junta de Directores, (en conjunto "los Peticionarios"), mediante *Petición de certiorari* presentada el 8 de enero de 2024. Nos solicitan que revisemos la *Orden* emitida el 1 de diciembre de 2023, notificada el día 12 del mismo mes y año, por el Tribunal de Primera Instancia, Sala Municipal de Guaynabo ("foro primario" o "foro *a quo*"). Mediante la referida orden, el foro primario declaró *No Ha Lugar* a la solicitud de desestimación presentada por los Peticionarios.

Por los fundamentos expuestos a continuación, **DESESTIMAMOS** la presente causa de acción, por falta de jurisdicción.

### I.

El 20 de septiembre de 2023, el señor Carlos M. Castellón Nigaglioni ("Sr. Castellón Nigaglioni"), el señor Christian Gabriel Ojeda Pérez y su esposa la señora Sofia Teresa Rivera Grunder ("matrimonio Ojeda-Rivera"), (todos en conjunto, "los Recurridos"),

Número Identificador

SEN(RES)2024_____

instaron una *Querella*[1] al amparo de la *Ley sobre Controversias y Estados Provisionales de Derecho*, Ley Núm. 140 de 23 de junio de 1974, según enmendada, 32 LPRA sec. 2871 *et seq.*, ("Ley 140-1974"), contra los Peticionarios. En síntesis, la parte Recurrida alegó que el Sr. Castellón Nigaglioni era propietario de un apartamento del Condominio Villa Caparra Plaza ("Condominio") y a su vez, arrendatario de un apartamento perteneciente al matrimonio Ojeda-Rivera. Adujeron que el matrimonio Ojeda-Rivera adquirió un vehículo eléctrico y la señora Evelyn Mojica Machuca, Administradora del Condominio ("Administradora"), les envió una propuesta para instalar en su estacionamiento privado un medidor autocontenido para mantener un récord del consumo del cargador del vehículo, propuesta que fue alegadamente aceptada y sufragados los gastos por dicha parte.

Según alegaron los Recurridos, que la Administradora emitió una comunicación al Sr. Ojeda, informándole que el circuito que había sido aprobado para su estacionamiento sería removido. Ello, debido a que la Asamblea celebrada el 29 de marzo de 2023 se rechazó un proyecto presentado por Junta de Directores dirigido a regular la instalación de metros de uso común para estacionamientos de visitas del Condominio para vehículos eléctricos. Siendo así, la Administradora le comunicó que sería removido el cargador de su estacionamiento privado y restringió el servicio eléctrico del receptáculo que utilizaba para recargar el vehículo. Por tales razones, solicitaron los siguientes remedios provisionales: 1) que se ordenara el servicio eléctrico del receptáculo del estacionamiento; y 2) que se le brindara un permiso provisional de recargar su vehículo en su estacionamiento privado bajo su responsabilidad y costo.

---

[1] Apéndice *certiorari*, págs. 1-13.

Así las cosas, el 2 de noviembre de 2023, los Peticionarios presentaron *Moción de Desestimación*.[2] Por virtud de esta, señalaron que, de conformidad con la *Ley de Condominios de Puerto Rico*, Ley Núm. 129 de 16 de agosto de 2020, según enmendada, 31 LPRA 1921 *et seq.,* ("Ley 129-2020"), el Departamentos de Asuntos del Consumidor ostenta jurisdicción primaria y exclusiva para atender reclamos relacionados a las acciones u omisiones de la Junta de Directores y Administradores del condominios de uso residencial. Sostuvieron que la Ley 140-1974, *supra,* solo le confiere jurisdicción al foro primario para atender controversias entre vecinos que afecten la convivencia y el orden social. En vista de ello, procede la desestimación con perjuicio de la reclamación.

En respuesta, el 21 de noviembre de 2023, los Recurridos presentaron su oposición mediante escrito intitulado *Querella.* En este, alegaron que el Artículo 39(a) de la Ley 129-2020, *supra,* faculta al foro primario a emitir cualquier remedio provisional al amparo de la Ley 140-1974, *supra.* A su vez, sostuvieron que el Artículo 2 de la Ley 140-1974, *supra,* dispone que el foro primario podrá resolver aquellas controversias en las que se alegue la existencia de perturbaciones que interrumpan el libre uso de la propiedad, como se alega en el presente caso. Siendo así, argumentaron que no procedía la desestimación de la reclamación.

Evaluados los argumentos de las partes, el 1 de diciembre de 2023, notificada el 12 del mismo mes y año, el foro *a quo* emitió la *Orden* recurrida, en la que declaró *No Ha Lugar* la solicitud de desestimación presentada por la parte Peticionaria.

En desacuerdo, el 19 de diciembre de 2023, los Peticionarios presentaron *Moción de Reconsideración.* No obstante, **el 20 de diciembre de 2023,** el foro primario declaró *No Ha Lugar* la solicitud

---

[2] *Íd,* págs. 15-17.

de reconsideración instada por los Peticionarios. Cabe destacar que dicha determinación fue notificada el **10 de enero de 2024.**

**Sin que fuera notificada la determinación del foro primario sobre la reconsideración, el 8 de enero de 2024,** los Peticionarios acudieron ante esta Curia mediante *Petición de certiorari,* en la que le imputaron al foro primario la comisión del siguiente error:

> Erró el TPI al no desestimar el caso ante la clara falta de jurisdicción.

Acompañó su recurso con una *Moción en auxilio de jurisdicción para la paralización de los procedimientos ante el TPI*, la cual declaramos **No Ha Lugar** mediante la presente *Resolución.*

A su vez, el 9 de enero de 2024, los Recurridos presentaron *Moción en cumplimiento de orden y en oposición a moción en auxilio de jurisdicción y paralización de los procedimientos ante el TPI.*

Con el beneficio de la comparecencia de ambas partes, procedemos a exponer la normativa jurídica aplicable al caso ante nuestra consideración.

## II.
### A. *Jurisdicción*

Como cuestión de umbral, antes de considerar los méritos de un recurso, a este Tribunal le corresponde determinar si posee jurisdicción para atender el recurso ante su consideración. *SLG Solá-Moreno et al v. Bengoa Becerra,* 182 DPR 675, 682 (2011). "[L]a jurisdicción es la autoridad con la que cuenta el tribunal para considerar y decidir los casos y controversias que tiene ante sí". *Miranda Correa v. Departamento de Desarrollo Económico et als.,* 211 DPR ___ (2023), 2023 TSPR 40, resuelto el 3 de abril de 2023, citando a *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384 (2022). "Es norma reiterada que los tribunales deben ser celosos guardianes de su jurisdicción y el foro judicial *no* tiene discreción

para asumir jurisdicción allí donde no la hay". *Beltrán Cintrón et al. v. ELA et al.,* 204 DPR 89, 101 (2020); *García Ramis v. Serrallés,* 171 DPR 250, 254 (2007). Esto nos impone el deber de examinar la jurisdicción antes de expresarnos.

Cuando los tribunales carecen de jurisdicción deberán así declararlo y desestimar el recurso. *González v. Mayagüez Resort & Casino,* 176 DPR 848, 855-856 (2009). Sobre ello, nuestra máxima Curia ha expresado lo siguiente:

> Reiteradamente hemos expresado que la ausencia de jurisdicción sobre la materia da lugar a las consecuencias siguientes: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio. Beltrán Cintrón et al. v. ELA et al., supra,* págs. 101-102 (Comillas y citas omitidas). Véase, además, *SLG Solá-Moreno et al. v. Bengoa Becerra, supra,* pág. 682.

Como corolario de ello, la Regla 83(C) del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83(C), nos faculta, a iniciativa propia, a desestimar un recurso por falta de jurisdicción. "Una apelación o un recurso prematuro, al igual que uno tardío, sencillamente adolece del **grave e insubsanable** defecto de privar de jurisdicción al tribunal al cual se recurre". *Juliá et al v. Epifanio Vidal, SE,* 153 DPR 357, 366 (2001).

### B. *Moción de Reconsideración*

Como es sabido, el inciso (e) (2) de la Regla 52.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.2, dispone que el término para acudir ante el Tribunal de Apelaciones quedará interrumpido mediante la presentación oportuna de una moción de reconsideración, **resuelta de manera definitiva** por el foro primario, sujeto a lo dispuesto a la Regla 47 de Procedimiento Civil, *supra,* R. 47.

En lo pertinente, la Regla 47 de Procedimiento Civil, *supra,* establece lo siguiente:

La parte adversamente afectada por una orden o resolución del Tribunal de Primera Instancia podrá presentar, dentro del término de cumplimiento estricto de quince (15) días desde la fecha de la notificación de la orden o resolución, una moción de reconsideración de la orden o resolución.

La parte adversamente afectada por una sentencia del Tribunal de Primera Instancia podrá presentar, dentro del término jurisdiccional de quince (15) días desde la fecha de archivo en autos de copia de la notificación de la sentencia, una moción de reconsideración de la sentencia.

La moción de reconsideración debe exponer con suficiente particularidad y especificidad los hechos y el derecho que la parte promovente estima que deben reconsiderarse y fundarse en cuestiones sustanciales relacionadas con las determinaciones de hechos pertinentes o conclusiones de derecho materiales.

La moción de reconsideración que no cumpla con las especificidades de esta regla será declarada 'sin lugar' y se entenderá que no ha interrumpido el término para recurrir. Una vez presentada la moción de reconsideración quedarán interrumpidos los términos para recurrir en alzada para todas las partes. **Estos términos comenzarán a correr nuevamente desde la fecha en que se archiva en autos copia de la notificación de la resolución resolviendo la moción de reconsideración**. […]. (Énfasis nuestro).

En términos generales, una moción de reconsideración permite que la parte afectada por un dictamen judicial pueda solicitar al tribunal que considere nuevamente su decisión, antes de recurrir al Tribunal de Apelaciones. *Morales y otros v. The Sheraton Corp.*, 191 DPR 1, 7 (2014). Según el criterio del tratadista Cuevas Segarra, el objetivo de esta moción es darle la oportunidad al tribunal que dictó la sentencia cuya reconsideración se solicita para que pueda enmendar o corregir los errores que hubiese incurrido al dictar la misma.  Por ello, los tribunales de instancia tienen la facultad de enmendar o dejar sin efecto algún dictamen emitido, mediante la oportuna presentación de una moción de reconsideración. J. A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, 2da ed., Estados Unidos, Pubs. JTS, 2011, Tomo IV, pág. 1373.

Nuestro foro de mayor jerarquía ha manifestado que, *una vez presentada la moción de reconsideración **de manera oportuna**, quedarán interrumpidos los términos para recurrir en alzada para todas las partes. Estos términos comenzarán a correr nuevamente desde la fecha en que se archiva en autos copia de la notificación de*

*la resolución resolviendo la moción. Mun. Rincón v. Velázquez Muñiz,* 192 DPR 989, 1000 (2015). (Énfasis nuestro). Es decir, la mera presentación oportuna paraliza automáticamente el término concedido en ley para acudir ante un tribunal de mayor jerarquía que comenzará a transcurrir una vez se resuelva definitivamente la solicitud de reconsideración. *Morales y otros v. The Sheraton Corp., supra.*

### III.

Antes de entrar en los méritos de los reclamos presentados por la parte aquí Peticionaria, este foro tiene el deber ineludible de auscultar si ostenta jurisdicción sobre el caso ante su consideración. *SLG Solá-Moreno et al v. Bengoa Becerra, supra.* Efectuado tal ejercicio, notamos que esta Curia carece de jurisdicción para atender el presente caso, por tal razón, nos tenemos otra alternativa que desestimarlo.

En el caso de autos, la parte Peticionaria nos solicita que revoquemos una *Orden* emitida el 1 de diciembre de 2023, notificada el 12 del mismo mes y año. Inconforme con la determinación del foro primario, el 19 de diciembre de 2023, los Peticionarios presentaron *Moción de Reconsideración.* Como puede observarse, el término para recurrir de dicha *Orden* fue interrumpido por la oportuna presentación de la aludida moción de reconsideración. Al próximo día, el 20 de diciembre de 2023, el foro primario emitió *Orden* en la que declaró *No Ha Lugar* la solicitud de reconsideración. **Sin embargo, dicha determinación fue notificada el 10 de enero de 2024.**

En el presente caso, la parte Peticionaria acudió ante esta Curia el **8 de enero de 2024** mediante *Petición de Certiorari* y **a esta fecha el foro primario <u>no había notificado</u> su *Orden* emitida el 20 de diciembre de 2023, en la que había denegado la solicitud de reconsideración.** Según expusimos, la Regla 47 de

Procedimiento Civil, *supra*, establece que *"[u]na vez presentada la moción de reconsideración quedarán interrumpidos los términos para recurrir en alzada para todas las partes. **Estos términos comenzarán a correr nuevamente desde la fecha en que se archiva en autos copia de la notificación de la resolución resolviendo la moción de reconsideración.**"* En el caso de autos, el término para acudir ante este foro comenzó a cursar a partir del 10 de enero de 2024, fecha en la que el foro primario notificó su *Orden* sobre la reconsideración instada por la parte Peticionaria. No obstante, el 8 de enero de 2024, los Peticionarios instaron el presente recurso de *certiorari,* de manera prematura. A tenor con lo anterior, carecemos de jurisdicción para atender el recurso de epígrafe.

**IV.**

Por los fundamentos antes expuestos, **desestimamos** el recurso de epígrafe por falta de jurisdicción. A su vez, declaramos ***No Ha Lugar*** la moción en auxilio de jurisdicción.

Notifíquese inmediatamente a la Hon Eillim Torres Ríos y demás partes.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones